1

2

# UNITED STATES DISTRICT COURT

3

# FOR THE EASTERN DISTRICT OF CALIFORNIA

4

| | |
|---|---|
| 5 **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR REGISTERED** 6 **HOLDERS OF FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE** 7 **LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-FF2,** 8 | 2:17-cv-00226-JAM-AC **SUA SPONTE ORDER REMANDING ACTION TO STATE COURT** |

9              **Plaintiff(s),**

10        v.

11 **NICOLE HOLLOWAY; JEFFREY HOLLOWAY; and DOES 1 TO 6, Inclusive**

12              **Defendant(s).**





13

14       The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes

15  of Findings and Recommendations in this case.  See Local Rule 302(d) ("Notwithstanding any other

16  provision of this Rule, a Judge may retain any matter otherwise routinely referred to a Magistrate

17  Judge.").

18       On February 2, 2017, Defendans filed a Notice of Removal with this Court, seeking to remove

19  an action from the Superior Court for the County of San Joaquin. Notice of Removal, ECF No. 1. For

20  the following reasons, the Court sua sponte REMANDS this case to the Superior Court of California for

21  the County of San Joaquin.

22       Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district

23  court has original jurisdiction. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)

24  (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final

25  judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

1  28 U.S.C. § 1447(c). Generally, a defendant seeking to remove an action to federal court must file a

2  notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b). The

3  defendant seeking removal of an action to federal court has the burden of establishing federal

4  jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

5        Defendants are attempting to remove an unlawful detainer action based on federal question

6  subject matter jurisdiction. Notice of Removal at 2. However, Defendants cannot establish jurisdiction

7  that is proper. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter

8  jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution

9  and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in

10  which the United States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Finley v.*

11  *United States*, 490 U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil

12  actions. *Kokkonen*, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be

13  raised by the Court sua sponte. *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95

14  (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is

15  what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th

16  Cir. 1988).

17        Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly

18  construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689,

19  698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the defendant

20  always has the burden of establishing that removal is proper. *Nishimoto v. Federman–Bachrach &*

21  *Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th

22  Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

23  first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

24        In this case, Defendants are unable to establish subject matter jurisdiction before this Court

25  because the complaint filed in the state court apparently contains a single cause of action for unlawful

1  detainer based on California Code of Civil Procedure section 1161a. Unlawful detainer actions are

2  strictly within the province of state court. Defendants' attempt at creating federal subject matter

3  jurisdiction by adding claims or defenses to a notice of removal will not succeed. *Vaden v. Discover*

4  *Bank*, 556 U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated

5  counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to

6  a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal

7  preemption and is anticipated in the plaintiff's complaint.").

8        In determining the presence or absence of federal jurisdiction in removal cases, the "well-

9  pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a federal

10 question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v.*

11 *Williams*, 482 U.S. 386, 392 (1987). Moreover, "it is well established that plaintiff is the 'master of her

12 complaint' and can plead to avoid federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d

13 994, 998-99 (9th Cir. 2007); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First*

14 *Nat'l Bank*, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law

15 only when the plaintiff's well-pleaded complaint raises issues of federal law.").

16       Plaintiffs' complaint raises a single state law claim. The face of a properly-pled state law

17 unlawful detainer action does not present a federal question. Therefore, Plaintiffs' complaint avoids

18 federal question jurisdiction. Defendants cannot inject a federal issue through their answer.

19       Accordingly, the Court REMANDS this case to the Superior Court for the County of San

20 Joaquin for all future proceedings.

21

22 Dated: February 3, 2017

23                                          _____
                                            John A. Mendez,
24                                          United States District Judge

25

3